SHAW, Justice,
dissenting.
I have no quarrel with the general principle that the Bar should be in a position to inform the public of lawyers who have special training and who have demonstrated special competence in a particular field of the law. My problem is with the method by which the Bar seeks to accomplish this altogether commendable goal. I must assume that the overriding objective of certification is to measure the technical competency of lawyers seeking to be certified in a given speciality. If this be the purpose, then an objective test for each area of certification, applicable to all persons seeking certification, would be the ideal. The proposed plan places in the hands of a relatively few certified lawyers, and those able to obtain certification through various waiver provisions, the discretionary power to deny certification to the great mass of practitioners who will no doubt seek to acquire this coveted status. One does not have to be a cynic to realize that there could very quickly develop an inherent protectionist interest in limiting the number of acceptable applicants. Even if we assume that those exercising this discretion will not be influenced by their own interests, the appearance of such is unacceptable.
*1152 In 1979 we disapproved a certification plan submitted by The Florida Bar because, in our view, it did not avoid the “pitfalls of protectionism.” The Fla. Bar Re Amendment to the Integration Rule (Certification Plan), No. 54,081 (Fla. Sept. 6, 1979). The proposed plan harbors the same appearance of protectionism that we found unacceptable in the 1979 plan.
I am also uneasy with the procedure whereby the Board of Legal Specialization and Education may find a lawyer ethically ineligible to practice law as a certified lawyer, while at the same time he remains ethically eligible to practice as a noncerti-fied lawyer. Ethics violations under this Court’s disciplinary proceedings involve probable cause hearings by a grievance committee, appointment of a referee by this Court, an evidentiary hearing and recommendation by the referee, and review by this Court. As part of the peer review process, the Board of Legal Specialization and Education and its area committees are required to review the applicant’s professional ethics and disciplinary record, such review to include both disciplinary complaints and malpractice actions against an applicant. Based upon this review, an applicant otherwise qualified may be denied certification because of ethical shortcomings (in my opinion a form of discipline), without the benefit of the procedural safeguards inherent in disciplinary proceedings. I am concerned with whether such a sweeping and uncircumscribed review of the applicant’s ethics is a legitimate concern of a certification plan and whether, as a practical matter, it will be administered with a sufficient degree of uniformity across rural and cosmopolitan areas.
I also note that certain requirements in the rules appear arbitrary, as well as burdensome. Applicants are required to submit as many as six references who are familiar with the applicant’s professional practice. In the areas of civil practice, marital and family law, criminal law, and criminal appeals, these references must themselves be “substantially involved” * in the area of practice; however, in workers’ compensation they merely must be “in-' volved,” while in tax, estate planning and probate, and real estate, no involvement is required. A rationale for these differences is absent. Furthermore, this dual requirement (substantial involvement of both applicant and references) is no small hurdle, particularly for applicants from medium sized or smaller communities, and leaves in the hands of the certified the power to control certification.
In my view, the above requirements do not avoid the pitfalls of protectionism which we spoke of when considering and rejecting the first certification plan in 1979. I dissent.
KOGAN, J., concurs.

The term is variously defined but essentially it requires that references themselves be certified in the area of specialization.